## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## at ASHLAND

**Civil Action No. 06-60-HRW**

**LESLIE MYATT**,                                                    **PLAINTIFF,**

**v.**                        **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a period of disability and disability insurance benefits on February 5, 2004 (Tr. 48-50), alleging he became disabled in 2000 due to anxiety.  This application  was denied initially and on reconsideration. On May 20, 2005, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by

counsel, testified (Tr. 218-238).  At the hearing, Ted Tanzey, a vocational expert

(hereinafter "VE"), also testified (Tr. 238-243).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not
> disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his
> impairment(s) must be severe before he can be found to be disabled based
> upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a
> severe  impairment (or impairments) that has lasted or is expected to last for
> a continuous period of at least twelve months, and his impairments (or
> impairments) meets or medically equals a listed impairment contained in
> Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without
> further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him
> from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from
> performing his past relevant work, if other work exists in significant
> numbers in the national economy that accommodates his residual functional
> capacity and vocational factors, he is not disabled.

On July 26, 2005, the ALJ issued his decision finding that Plaintiff was not

disabled (Tr. 13-23).  Plaintiff was 54 years old at the time of the hearing decision.

His past relevant work experience consists of work as an insurance agent and

owner of an insurance agency.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 22).

The ALJ then determined, at Step 2, that Plaintiff suffered from generalized anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 22).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 22). In doing so, the ALJ specifically considered listings 12.00 and 12.06 (Tr. 17-18).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 22) but determined that he has the following residual functional capacity ("RFC"):

> [t]he claimant is not exertionally limited and has a moderately limited ability to work in coordination with or proximity to others without being distracted by them; interact appropriately with the general public; get along with co-workers or peers without distracting them or exhibiting behavior extremes; and respond to changes in the work setting; but is able to understand and recall simple material, concentrate and persist at simple tasks, function in an object focused setting and adapt to routine changes.

(Tr. 22).

3

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of heavy work (Tr. 23). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 21). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 21, 2006 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 8] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health*

4

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintff contends that the ALJ erred is discounting the opinion of his treating physician, Dr. Ray Kleykamp. In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's  impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a  treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In his treatment notes, Dr. Kleykamp opined that Plaintiff is "unable to work

due to several medical problems which require ongoing treatment." (Tr. 189, 190).

Dr. Kleykamp specified, "[t]hese problems include neck pain, back pain, restless

legs, anxiety and depression." (Tr. 189-190). However, no specific clinical or

diagnostic findings support this assessment. In fact, as the ALJ noted, just three

months prior to this opinion, Dr. Kleykamp reported that Plaintiff was 80%

improved, following physical therapy. Further, the record shows only

conservative treatment for Plaintiff's physical ailments. This belies any

contention of disabling physical impairment.

In addition, Plaintff engages in a wide variety of household and other daily

activities, such as cutting grass, going to church, dining out, walking in the park

and washing the car (Tr. 52-58). The Sixth Circuit Court of Appeals has stated that

"[a]n ALJ may consider household and social activities engaged in by the claimant

in evaluating a claimant's assertions of pain or ailments." *Walters v.

Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Moreover, Dr. Kleykamp's conclusion relies in part on Plaintiff's mental

impairments, which are not within this physician's area of expertise.

Finally, it is within the province of the ALJ to make the legal determination

of the inability to work. The ALJ is not bound by a treating physician's conclusory

statement, particularly where the ALJ determines, as he did in this case, where

these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work.   *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Given the lack of supporting medical data, the Court finds that the ALJ did not err in discounting the opinion of Dr. Kleykamp that Plaintiff is "unable to work."

Plaintiff also alleges error with regard to the ALJ's assessment of his mental impairment.  Specifically, Plaintiff points out that the ALJ misread a December 2004 service plan from Pathways, Inc..  The ALJ interpreted it as indicating that Plaintff had met all treatment goals and that, thus, treatment had been terminated (Tr. 17).   However, the two-page document from Pathways, entitled "Treatment / Service Plan" refers to the "criteria for termination" as being the "completion of goals listed on treatment plan" (Tr. 191).  Although unclear, the language seems to contemplate the future, not refer to the status of treatment at the time the document was created.  In other words, the plan refers to the completion of goals as the criteria for *eventual* termination.

Having reviewed the record, the Court finds that the ALJ's mistake did not result in prejudice to the Plaintiff.  Despite Plaintiff's contentions to the contrary, the ALJ credited Plaintiff with moderate limitations in his ability to work with others, interact with the general public, get along with co-workers and respond

7

appropriately to changes in the workplace (Tr. 22).

Further, the two-page document was the only evidence presented to the ALJ which indicated the existence of or possibility of treatment by a mental health professional.[1]  The record is devoid of any evidence of mental impairment beyond that found by the ALJ.  As such, the Court finds no error in the ALJ's assessment of Plaintiff's mental impairments and his formulation of Plaintiff's RFC.

Finally, Plaintiff maintains that the hypothetical questions posed to the VE in this case were incomplete and, thus, not supported by substantial evidence.  The Defendant argues that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations.  *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987).  This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible.  *Casey v. Secretary of Health and Human Services*,

---

[1]  Seven months after the ALJ issued his decision, Plaintff submitted the intake notes from his initial assessments at Pathways in September 2004, as well as a letter from Pathways dated September 1, 2005, to the Appeals Council (Tr. 200-214).  As these documents were not before the ALJ, they are not relevant to a substantial evidence review of his decision.  *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  Nor has Plaintiff demonstrated the "materiality" of the evidence or shown "good cause" for his failure to submit the evidence during the prior proceeding, thereby warranting a remand pursuant to 42 U.S.C. § 405(g).  Notably, the post-decision submission from Plaintiff does not include any treatment notes.  The burden of providing a complete record rests on the claimant. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986).

987 F.2d 1230, 1235 (6ᵗʰ Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This January 25, 2007.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**

9